PEOPLE v. KENNEDY.

1. CRIMINAL LAW—STATUTES—OBSCENE EXHIBITIONS—CONSTITUTIONAL LAW.

Act No. 103, Pub. Acts 1903, which prohibits indecent or obscene exhibitions in museums or elsewhere, or the exhibition of deformed human beings, diseased or deformed human bodies, or parts or representations thereof, except for purely medical or for scientific purposes, is valid, and the second section of the act, relating to the exhibition of diseased parts of bodies, or representations of the same, which are indecent, is within the title of the act.

2. SAME—EXCEPTION TO STATUTE.

It was proper to deny a motion of respondents' attorneys to direct a verdict in their favor on the ground that the person who viewed the exhibition was not shown not to be a person who might lawfully view the exhibit within the exception of the statute which permitted exhibitions to medical students or practitioners; the evidence tending to show that the witness was a carpenter, employed in an automobile factory.

3. SAME.

Defendants, who did not offer any requests to charge the jury as to the meaning of the words used in the act, "exhibition," "expose," or "exhibit," were not prejudiced by failure to charge as to the same, or by instructions to the jury that it was for the jury to say whether the exhibition was indecent, whether the respondents exhibited the objects in evidence for scientific purposes or before members of the medical profession, or of medical classes, and whether they were exposed or exhibited under the terms of the statute.

4. SAME—STATUTES.

The terms were used in the law in their usual or ordinary sense.

5. SAME—EVIDENCE.

A conversation held with one of the respondents after the witness had seen the display, tending to show his knowledge that the witness saw the exhibition, was not immaterial or prejudicial.

6. SAME.

Correspondence received by the accused relating to a proposed sale of the exhibit was properly excluded from the evidence as having no tendency to show that it was, in good faith, displayed for sale only.

Error to the recorder's court of the city of Detroit; Connolly, J. Submitted April 17, 1913. (Docket No. 131.) Decided May 29, 1913.

James D. Kennedy and Charles J. Kennedy were convicted of making an indecent and unlawful exhibition of representations of parts of the human body. Affirmed.

*Hugh Shepherd,* Prosecuting Attorney, and *Harry Keidan,* Assistant Prosecuting Attorney, for the people.

*Bumps & Bishop,* for respondents.

MCALVAY, J.   Respondents were prosecuted under Act No. 103 of the Public Acts of 1903, entitled "An act to prohibit, discourage and punish the exhibition of deformed human beings, diseased or deformed human bodies, or parts thereof, or the representations of the same, for any other than purely medical purposes," which reads as follows:

"*The people of the State of Michigan enact:*
"SECTION 1. It shall be unlawful for any physician or other person, to expose or keep on exhibition any deformed human being or human monstrosity, except as used for scientific purposes before members of the medical profession or medical classes.
"SEC. 2.   It shall be unlawful for any person or persons to so expose or exhibit in museums or elsewhere diseased or deformed human bodies, or parts thereof, or representations of the same, which would be indecent in the case of a living person, except as used for scientific purposes before members of the medical profession or medical classes."

Section 3 provides the punishment for a violation of any of the provisions of this act.

Respondents were arrested, tried, and convicted in the police court for the city of Detroit upon a complaint charging an offense under section 2 of the foregoing act.   They appealed to the recorder's court of said city, where a trial before said court resulted in a verdict of guilty, upon which a judgment was duly entered.   The case is before this court upon a writ of error.

It appears from the record in this case that the respondents are engaged in the practice of medicine in

the city of Detroit and occupy the three upper floors of the building located at Lafayette boulevard and Michigan avenue; that at the entrance to their offices is a sign reading, "Doctors K. & K. Museum," upon which there is a representation of a hand over the word "Museum." There is no dispute in the case but that on the upper or fourth floor of this building, contained in cases, were representations, in wax or other substance, of portions of human bodies of both sexes described within the prohibition of this act, and that the exhibits seized by the officers and produced in court were taken from such collection; also that the complaining witness, upon application, went up in company with respondents' office boy, who under the direction of respondents, occasionally took people up to the fourth floor, opened the door for them, and turned on the light. Those taken up by him were always adults and only one at a time.

Respondents contended that for years this collection had been stored in the attic of another building not accessible to anybody; that, after they occupied their present location, they moved it from the attic, had the different pieces painted and mounted, and placed them on this top floor "so that they could be seen favorably, in case we wanted to sell them;" that they tried at different times to make a sale; that they were not exhibited to the public. One of them testified:

"We do not exhibit this stuff to the public. Once in a while if a person calls, we send them up. Sometimes I have sent them up; sometimes I refuse people; and sometimes my brother would send them up there. They are classified and hung up along the walls in cases, and I guess there was an electric light there anyway, and if it was necessary the boy would turn on that light."

The complaining witness was a young man 27 years old, and was a carpenter working at this time for the Packard Automobile Company of Detroit, where he

had been employed continuously since he came to Detroit.

At the close of the case respondents moved for a directed verdict for several reasons, among others that the evidence did not show the fact that the complaining witness was not a member of the medical profession or a medical class; that it did not show that there was an exhibition within the meaning of the statute; that section 2, under which respondents were prosecuted, was not within the provisions of the title of the act and therefore unconstitutional. This motion was denied by the court, and an exception was taken by respondents.

The errors assigned and relied upon by respondents are:

First, those raised upon the refusal of the court to direct a verdict of "not guilty."

*(a)* That section 2 of this act, under which the respondents were prosecuted, is unconstitutional because not within the scope of the title of such act, and because the offense charged in section 2 is not embodied in the enacting clause. As appears from the entitling of this act, already given, it is a police regulation clearly within the power of the legislature, and was enacted to prohibit, discourage, and punish the exhibitions therein described. That the prosecution is under the provisions of section 2 is admitted, and also that the representations of human bodies or the parts thereof which were taken from this collection are within the prohibition of the statute. The objection is without merit for the reason that the exhibition of the representations of the parts of the human body prohibited by section 2 of the statute charged and described in the complaint is clearly within the terms of the entitling of the act.

*(b)* That the exhibition proved was not shown to have been made to a person not within the exception

of section 2, and was not an exhibition within the meaning of this act. The exhibition prohibited by section 2 is the exposure or exhibition in museums or elsewhere of "diseased or deformed human bodies or parts thereof, or representations of the same which would be indecent in the case of a living person." The exhibition prohibited by this section of the statute might be either public or private and includes an exposure to a single individual.

In this case the pleader in complaint and warrant negatived the exception contained in section 2, and there was evidence in the case, on the part of the people, tending to show that these objects were exhibited to a person who was not a member of the medical profession or medical class, and that the exhibit was not used for scientific purposes. It will therefore not be necessary to discuss the proposition that proving the exception contained in section 2 of the act would be a matter of defense. There was no error on the part of the court in denying this motion.

Another error assigned is as follows:

"The court erred in its charge to the jury because it failed to define and explain the words, 'exhibition,' 'expose,' and 'exhibit,' as used in the statute under which the complaint and warrant were drawn and the violation thereof alleged."

The record does not show that the court's attention was called to this matter, and no request was presented asking the court to so charge. The criticism of the charge is not as to what the court charged, because there is no error assigned upon any portion of it. It is claimed that the attention of the court was called to this in the motion for a directed verdict. We have given an abstract of the reasons relied upon in making this motion, and they are not specific in this regard. The construction of this portion of the statute is one of first intention before this court, and it will be proper to say that respondents' contention is that

the legislative intent in this statute was to prohibit the exhibition in public of the prohibited subjects, with or without charge, and that the words "exhibition," "expose," and "exhibit" should be construed in harmony with such intent, and the jury should have been so instructed. We do not think that section 2 of this act should be so construed. The prohibition of this section is:

"It shall be unlawful for any person or persons to so expose or exhibit in museums, or elsewhere, diseased or deformed human bodies, or parts thereof, or representations of the same, which would be indecent in the case of a living person, except as used for scientific purposes before members of the medical profession or medical classes."

The legislature intended by this section to prohibit the exposure of these subjects in public or in private to any person or persons, "except as used for scientific purposes before members of the medical profession or medical classes." In our opinion it is a statute enacted in the interest of morality and decency. The terms of the statute are not technical, and the words used should be given their ordinary and usual meaning.

The case was submitted by the trial judge under a charge which briefly, clearly, and correctly states the law in the case from which we quote a portion which covers the criticism of appellants:

"Now, you have seen the exhibits, gentlemen of the jury, which have been produced in this case, and you are to use your common sense and say whether or not they are representations of the human body which would be indecent to be shown in the case of a living person. And it is for you further to say whether or not the defendants at the bar exposed or exhibited in a museum or elsewhere these representations and whether or not they did so for scientific purposes before members of the medical profession or medical classes. There are three elements, as I read the statute, which go to constitute the offense: *First*, the ex-

posure or exhibition of the representations; *second,* that they were representations which would be indecent in the case of a living person to be exposed in the manner in which they were exposed as claimed by the prosecutor in his proof; and, *thirdly,* that they were not so exposed or exhibited or used for scientific purposes before members of the medical profession or medical classes. Now, if those three things have been established, gentlemen of the jury, beyond a reasonable doubt, you will convict the defendants. * * * The defendants are presumed to be innocent until competent evidence establishes their guilt beyond a reasonable doubt."

We find no error in this charge.

The remaining assignments of error relate to two rulings made by the trial court in ruling upon evidence.

The first relates to a conversation between the complaining witness and one of the respondents after he came down from the fourth floor where he had seen these exhibits and before he left the building. This conversation was admitted over the objection and exception of respondents. This conversation was clearly material to show the knowledge of one of the respondents that the witness had viewed the collection, and none of it could be considered as seriously prejudicial. The record shows that these exhibits could be reached only by going through the offices of respondents upstairs to the fourth floor, and that this was the only means of ingress and egress. The court was not in error in overruling the objection.

The second relates to the refusal of the court to allow the introduction of a letter to one of the respondents claiming to be correspondence relative to the sale of this museum. This occurred while one of the respondents was being examined as a witness in his own behalf, and after he had been permitted to testify that the collection had formerly been stored for ten years and afterwards removed to the place already de-

scribed; that the figures were fixed up, painted, and mounted so that they could be seen favorably in case respondents should desire to sell them; and that several times they have tried to make a sale. The letter was incompetent and immaterial and properly excluded. We find no prejudicial error in the case.

The judgment of the recorder's court is affirmed.

STEERE, C. J., and MOORE, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred.